MALONEY, Respondent, v. MALCOLM *et al.*, Appellants.

1. An agreement entered into between the contractor for the construction of a railroad and his sub-contractor provided, that, in case of a violation of the terms of the contract by the latter, the contractor might declare the contract forfeited, or should have the right to such other measures as the engineer of the road might deem necessary to insure the completion of the work by the time and in the manner stipulated, and to deduct from the current and final estimates such sum or sums as may be necessary to defray the expense of such measures. *Held,* that an express declaration of forfeiture was not necessary to entitle the contractor to take charge of the work in accordance with the direction of the engineer before the completion of the work.

*Appeal from Franklin Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Johnson,* for appellants.

I. The verdict is unauthorized and against the evidence. The court evidently misled the jury by the fifth instruction. Defendants were compelled to take the work into their own hands. They acted in accordance with the terms of the

4—VOL. XXXI.

contract and the direction of the engineer. Plaintiff acted as overseer under them. He could not recover on the contract the contract price allowed him.

*P. B. Garesché* and *Halligan*, for respondent.

I. The instructions given were unexceptionable. (29 Mo. 99; 27 Mo. 309; 26 Mo. 102; 23 Mo. 228.)

EWING, Judge, delivered the opinion of the court.

This was a suit to recover of defendants, who were contractors on the Canandaigua and Niagara Falls Railroad, a balance of between six and seven hundred dollars, which the plaintiff claims is due him as sub-contractor on said road. The action is on the contract, which is filed with the petition, and plaintiff avers performance on his part of all its stipulations, admits a payment of $2,099, and claims the balance stated. The answer (of two of the defendants) admits the execution of the contract, and that work was done by plaintiff on the sections of the road mentioned in the contract, but they have no knowledge of the amount; that it was superintended by their co-defendant Maxwell; that the work was not completed by plaintiff, but by the defendants, who employed hands for that purpose, and plaintiff had been paid in full. Maxwell was notified by publication, being a nonresident; but not appearing, judgment by default was taken against him.

One of the stipulations of the contract is to the effect that if the sub-contractors refuse or unreasonably neglect to remedy any imperfections in the work, which may be pointed out, or in any manner violate the conditions of this contract, or fail to employ such force as may be required by the engineer, then the defendants (parties of the second part) have the right to declare the contract forfeited and void, and forever retain the fifteen per cent. held as security for the completion of the work, as liquidated damages; and if forfeited the parties of the first part will peacefully relinquish the possession of the work, &c., and place the same in the hands

of the other parties hereto, in such manner that the work may thereafter be prosecuted without hindrance or delay; or, as an alternative to a declaration of a forfeiture of the contract, the parties of the second part shall have the right to such other measures as the said engineer may deem necessary to insure the completion of the work by the time and in the manner herein stipulated; and to deduct from the current and final estimates such sum or sums as may be necessary to defray the expense of such measures.

There was testimony tending to prove that sometime before the work was finished, the engineer in charge, owing to a difficulty with plaintiff respecting the manner of conducting the work, notified Maxwell to put on hands and complete the work according to directions, which he did; that this notice was about a month before the completion of the work; and, after this notice was given, the work was done by gangs of men under the control of overseers, one of whom was the plaintiff; that he remained on the work as an overseer until it was finished; the engineer ordered Maxwell to put plaintiff off the work; and he had authority to discharge any sub-contractor who refused to obey him. There was evidence that there were as many as three foremen or overseers (plaintiff being one of them) engaged for three or four weeks on the part of the road in question, each having charge of some twelve or fifteen hands, and that two of them, with the men in their employ, were paid by the defendants.

The court gave this with other instructions: "That although the jury may find that Maloney, the plaintiff, violated the terms of his contract with defendants, and by such violation he gave the defendants the right to put an end to it by renouncing it for the future, yet, until they do signify their renunciation, they remain bound by it. And if the jury further find that, although the defendants may become entitled to renounce their contract with plaintiff, and put an end to his engagement with them, they retained him and permitted him to go on with his work, and that as such contractor he did go on and do the work of said sections, they will find

for him such balance as may be due him after deducting the credits admitted in the petition to have been paid."

We think this instruction was calculated to mislead the jury into the belief that nothing short of an express declaration of forfeiture, or renunciation of the contract, would deprive the plaintiff of a right to the whole contract price, notwithstanding the defendants may have rightfully taken charge of the work before its completion, and evinced by their acts that they no longer treated him as a contractor. By the stipulation referred to, the defendants had the option either to declare a forfeiture, or take *such other* measures as the engineer might deem necessary to have the work completed. These other alternative measures might or might not be such as absolutely to work a forfeiture or terminate the contract; but whether they were or not, if rightfully taken, the defendants were entitled to be allowed for the expenses incident thereto. If the defendants had the right to take charge of the work in the event of noncompliance on the part of Maloney with any of the stipulations of the agreement, the expenses incurred by them, in prosecuting it to completion, are to be deducted from the final estimates of the engineer. What measures were actually taken by them was for the jury to determine under instructions from the court as to their effect. But we think, under the phraseology of the instruction referred to, the jury may well have supposed that there was no evidence before them that the defendants had put an end to their engagement with plaintiff, although they may have taken the control of the work. The contract could have been effectually terminated by the acts and conduct of the parties, although no express declaration to that effect were proved, and the capacity in which the plaintiff acted, after the measures to which the evidence refers were taken, whether as overseer or as contractor, was a question to be determined from all the circumstances.

Judgment reversed and the cause remanded; the other judges concurring.